IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE ROY LOVE,

                                  ORDER

             Petitioner,

                                09-cv-238-bbc

    v.

RICK RAEMISCH, Secretary,
Wisconsin Department of Corrections; and
ALFONSO GRAHAM, Parole Chairman,
Wisconsin Department of Corrections,

            Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Willie Roy Love, who is in community residential confinement under electronic monitoring at the Foster Community Corrections Center in Madison, Wisconsin, seeks to challenge the denial of his mandatory release on parole. He also requests leave to proceed in forma pauperis. In filing his action, petitioner apparently used the wrong standard form. Although the form is entitled "COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983," dkt. #1, it is clear from his allegations and the relief that he seeks that he actually meant to file a petition for a writ of habeas corpus pursuant 28 U.S.C. §

1

2254. Therefore, I will review the petition as required by Rule 4 of the Rules Governing Section 2254 Cases.

Having considered petitioner's affidavit of indigency, I find that he is unable to prepay the fees of commencing this action or to post security therefor, pursuant to 28 U.S.C. § 1915(a)(1). Petitioner's request for leave to proceed in forma pauperis will be granted.

Petitioner alleges that the Wisconsin Department of Corrections has extended his sentence unlawfully beyond his mandatory release date by placing him in the Foster Community Corrections Center in Madison under electronic monitoring and forcing him to participate in community-based treatment programs. Even assuming petitioner's allegations are sufficient to state a cognizable constitutional claim, the petition must be dismissed. Before seeking a writ of habeas corpus in federal court, a petitioner must first exhaust any state court remedies that are available to him in state court. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Although petitioner has alleged that he has filed numerous administrative complaints and grievances, he does not allege that he has requested the state courts to review the administrative denial of any of his complaints or to review any adverse decisions by the

2

parole commission.  In Wisconsin, a state prisoner may obtain judicial review of an adverse decision of the parole board or disciplinary committee by filing a petition for a writ of certiorari in the state circuit court.  Wis. Stat. § 302.11(1g)(d) (prisoner may seek review of denial of presumptive release on parole by filing petition for writ of certiorari).  Petitioner must take advantage of the remedies available to him in state court before this court may review his claims.

Because it plainly appears from the petition that petitioner has failed to exhaust his state court remedies, his petition must be dismissed without prejudice.  Rule 4 of the Rules Governing Section 2254 Cases (court must dismiss petition "if it plainly appears . . . that petitioner is not entitled to relief in the district court").

ORDER

IT IS ORDERED that the petition of Willie Roy Love for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for his failure to exhaust his state court remedies.

Entered this 24th day of April, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3